# In the United States Court of Federal Claims

No. 26-1639C
(Filed: November 3, 2026)

| | |
|---|---|
| MATTHEW HARRISON HARDY | * |
| *also known as* | * |
| OZZY HARRISON | * |
| *also known as* | * |
| OZWALD RELIK | * |
| *also known as* | * |
| SQUIRE HARRISON, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | * |
| THE UNITED STATES, | * |
| | * |
| Defendant. | * |
| | * |

## ORDER

Plaintiff, who is incarcerated at the Alvin S. Glenn Detention Center, has filed pro se this civil action against the United States of America. To proceed with a civil action in this court, a prisoner must either pay $405.00 in fees—a $350.00 filing fee plus a $55.00 administrative fee—or request authorization to proceed without prepayment of fees by submitting an application to proceed in forma pauperis ("IFP"), a certified copy of Plaintiff's trust fund account statement (or institutional equivalent) for the six-month period immediately preceding the filing of the instant complaint, and a Prisoner Authorization Form. *See* 28 U.S.C. §§ 1915, 1926. Pursuant to 28 U.S.C. § 1915(b)(1), if the court grants a prisoner's IFP application, the prisoner is still required to pay the full $350.00 filing fee in this civil action.[1] *See Skinner v. Switzer*, 562 U.S. 521, 535 (2011) (28 U.S.C. § 1915(b)(1) requires any prisoner proceeding IFP to pay the full filing fee out of percentage of prisoner's prison trust account). If granted leave to proceed IFP, plaintiff is entitled to pay the filing fee over time through the payment of an initial partial filing fee to be assessed by the court under 28 U.S.C. § 1915(b)(1) followed by periodic payments from the plaintiff's inmate trust account as authorized in 28 U.S.C. § 1915(b)(2). The Court is required by the statute to assess and, when funds exist, collect an initial partial filing fee of twenty

[1] The $55.00 administrative fee for filing a civil action does not apply to prisoners granted IFP status under 28 U.S.C. § 1915.

percent of the greater of the average monthly deposits or the average monthly balance in the prisoner's trust account for the six months immediately preceding the date of the filing of the civil action.

On October 28, 2026, Plaintiff submitted his IFP application (ECF 2), however, it did not include a certified copy of Plaintiff's trust fund account statement (or institutional equivalent). On or before **December 3, 2026**, Plaintiff is **ORDERED** to submit his trust fund account statement or pay the $405.00 in required fees.

If Plaintiff fails to comply with this order by December 3, this action will be dismissed without prejudice for failure to prosecute under Rule 41 of the Rules of the United States Court of Federal Claims.

**IT IS SO ORDERED**.

s/ Stephen S. Schwartz
STEPHEN S. SCHWARTZ
Judge